A. W. Tate, Administrator, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

1. PLEADING—*effect of general issue.* The plea of the general issue admits the character in which the plaintiff sues.

2. MASTER AND SERVANT—*when instruction as to the duty of railroad to employe erroneous.* An instruction as follows is erroneous where the unsafe condition is open and apparent or where warning has been given or caution enjoined:

"The jury are instructed that an employe of a railroad company, assisting in running its trains, is not bound to know or inquire whether the road has been safely and properly constructed.

"There is an implied undertaking on the part of the company with its employes, that all that can reasonably be done to render the road reasonably safe has been done."

3. Master and servant—*when instruction authorizing recovery erroneous.* An instruction which authorizes a verdict in favor of a servant is erroneous which omits the element of the exercise of due care by the servant and ignores the defense of assumed risk relied upon by the master.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Crawford county; the Hon. Enoch E. Newlin, Judge, presiding. Heard in this court at the August term, 1908. Reversed and remanded. Opinion filed March 4, 1909.

Conger & Conger, for appellant.

P. G. Bradbury and Eagleton & Wesner, for appellee.

Mr. Justice Creighton delivered the opinion of the court.

This was an action in case, in the Circuit Court of Crawford county, by appellee against appellant, to recover for the death of appellee's intestate, alleged to have been caused by the negligence of appellant while appellee's intestate was in its service as a locomotive engineer in charge of an engine pulling a gravel train. Trial by jury. Verdict and judgment in favor of appellee for $6,000.

"The amended declaration upon which the case was tried, charges in first count that the track at this place of the injury was defective, and that the engine was running backwards, and pulling twenty-one empty gravel cars, was, because of said defective track, derailed and overturned, killing J. R. Tate, engineer.

"Second count charges defective track, permitting engine to be run and operated backwards with no sufficient brakes or appliances and connections to enable the deceased to control the engine and operate it safely.

"The third count charges that it was the duty of the defendant to use reasonable care in causing cars

composing said train to be supplied with machinery appliances and brakes, so that the speed could be properly controlled, and because defendant failed to comply with said duty, the engine was derailed, and deceased was killed." To this declaration plea of not guilty was filed on the part of the defendant.

The evidence tended to prove that prior to the day of the injury complained of appellant had been for more than a year reconstructing its tracks from Robinson in a southeastwardly direction past the place of the injury by building a new track; that on the day of the injury, appellant was still using the old track for all its trains, but because of the fact that it was soon to abandon the old, and run its trains upon the new track, the old track was not kept in a good state of repair; that although the track was not in good repair it was reasonably safe to run upon at a reduced rate of speed,—a rate not exceeding twelve miles per hour, but was unsafe at a rate in excess of that; that because of this condition of the track a "slow order" had been issued by appellant, requiring all trains to reduce their speed to twelve miles per hour while passing over that part of the track; that appellee's intestate was acting as engineer pulling a long gravel train comprising more than twenty-five cars, and that a Mr. Poorman was the conductor in charge of the train; that on the morning of the injury and before the intestate started out with his train the conductor received a "slow order" from the train despatcher and delivered it to the intestate who read it, handed it to the fireman to read, who read it and handed it back and the intestate put it in his pocket; that this "slow order" explicitly directed the reduction of speed to twelve miles per hour over the particular piece of track where the injury occurred; that intestate's attention was again called to the slow order, an hour or so before the injury, by appellant's supervisor of track, who asked him if he had a slow order over the piece of track in question and he answered,

"I have;" that the supervisor of track then "asked him if he did not think he was going to kill some one from the way he was running trains over that piece of track," to which intestate replied, "There is no more danger in running fast over a bad track than there is in running slow," and pulled out for the gravel pit, ahead of another train, and at the place of the wreck and injury, when the wreck occurred, was running at a rate of from 20 to 30 miles per hour. The evidence also tends to prove some features that modify the case as above stated. These we may note further on.

Counsel for appellant contend that the trial court erred in refusing to direct a verdict in favor of appellant. Among other things they contend that the evidence fails to prove that the road and track upon which the injury occurred were appellant's road and track. We think this was sufficiently proved,—it certainly is clearly inferable from the whole evidence and there is neither word nor inference to the contrary. It is also contended that appellee failed to prove that he was the legally appointed administrator of the deceased. Under the state of the pleading he was not required to prove that,—it was not an issue requiring proof. Appellant's plea of not guilty, standing as the only plea in the case, admits the character in which appellee sued. The plea of general issue alone does not put in issue the character in which plaintiff sues. McNulta v. Lockridge, 137 Ill. 270. Counsel further contend that appellee failed to make a *prima facie* case, and that the proof of their defense of assumed risk was so full and conclusive as to make it wholly a question of law for the court. In these views of the case we do not agree with counsel. The statement of the case, as we have set it out above, shows only what the evidence tends to prove with respect to the features of the case embraced in the statement. The question of proximate cause, for instance, as related to the defense of assumed risk, was

an open question of fact and was so treated by counsel in their instructions 4, 5, 6 and 8, in which they themselves submitted that question to the jury. We think the trial court did not err in refusing to direct a verdict for appellant.

The court, at the instance of appellee, gave to the jury the following instruction:

"No. 4. The jury are instructed, that an employe of a railroad company, assisting in running its trains, is not bound to know or inquire whether the road has been safely and properly constructed.

"There is an implied undertaking on the part of the company with its employes, that all that can reasonably be done to render the road reasonably safe has been done."

The law as stated in that instruction has no application to the facts of this case, and is "in the teeth" of the facts, or at least of what the evidence tends to prove. Where the unsafe condition is open and apparent, or where warning has been given, or caution enjoined, there is not "an implied undertaking on the part of the company" as stated in the instruction, and in a case where the evidence tends to prove such condition, warning or caution, it is error to give this abstract proposition in its unqualified form as an instruction to the jury. The trial court also erred in giving appellee's sixth instruction. It calls for a finding in favor of appellee and the assessment of damages thereon, upon a state of case wholly omitting the requisite of due care and caution on the part of his intestate, and wholly ignoring the defense of assumed risk. The court also erred in modifying appellant's fourth, fifth, sixth and eighth instructions. It does not appear to us that there is any proper evidence upon which to base the clause which the court added to each of these instructions.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*